

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 5, 1970

Honorable Burton S. Burks
County Attorney, Hood County
Granbury, Texas 76048

Opinion No. M- 724

Re: Refund of monies paid under
Article 666-32 1/2 (b) Vernon's
Penal Code, for calling of
local option election.

Dear Mr. Burks:

You have requested an opinion from this office regard-
ing whether monies paid under Article 666-32 1/2 (b), Vernon's
Penal Code, by a private individual for calling a local option
election, must be refunded to this individual when the county
has not had a local option election for several years prior
to the recent election in question.

Article 666-32 1/2, Vernon's Penal Code is set out
in full as follows:

"Art. 666-32 1/2.  Expense of holding elections

(a)  The expense of holding any local
option election authorized by the Texas
Liquor Control Act in any county, justice
precinct or incorporated city or town shall
be paid by the county, but the expense to
the county shall be limited to the holding
of one election in each of the above poli-
tical subdivisions within a one-year period
where the intent of the election is to le-
galize the sale of alcoholic beverages, and
the expense to the county shall be limited
to the holding of one election in each of
the aforesaid political subdivisions within
a one-year period where the intent of the
election is to prohibit the sale of alco-
holic beverages.  All other local option
elections, excepting the aforementioned

-3502-

one election in a one-year period with intent to legalize the sale of alcoholic beverages, and excepting the aforementioned one election in a one-year period with intent to prohibit the sale of alcoholic beverages, shall be paid by the county from funds derived by the county as prescribed in Subsection (b) of this section as follows:

(b) When the application for an election in a county, justice precinct or incorporated city or town is presented, the county clerk at the time and before the issuance of any petition for a local option election shall require a deposit in the form of a cashier's check in the aggregate amount of twenty-five cents per voter listed on the current list of registered voters as residing in the county, justice precinct or incorporated city or town for which the election is sought. The money so received shall be deposited in the county's general fund, and no refund shall be made to the applicants regardless of whether the petition is returned to the county clerk or the election is ordered. When there is presented to the county clerk an application which must be accompanied by a deposit, the county clerk shall not issue a petition to the applicants unless and until the deposit is made, and a county clerk who issues a petition upon such an application without first receiving the deposit is guilty of a misdemeanor and shall be fined not less than two hundred dollars nor more than five hundred dollars, or imprisoned in the county jail for not more than 30 days, or both fined and imprisoned." (Emphasis added.)

The 60th Legislature passed and the Governor approved Senate Bill No. 58 (Acts 60th Leg., R.S. 1967, Ch. 723, p. 1858), which was entitled Election Code Revision; and in this lengthy

bill, as Section 72 thereof, the Texas Liquor Control Act was amended by adding a new section codified as Article 666-32 1/2, Vernon's Penal Code, set out above. The caption of Senate Bill No. 58 refers to this section in the following language:

> "* * * . . .and adding Section 32 1/2,
> Article I, Texas Liquor Control Act,
> relating to payment for the expense of
> holding such elections and providing
> a penalty for issuance of a petition
> for an election under certain circum-
> stances; * * * *"

The cardinal rules of statutory construction applicable here require that when a statute is susceptible of more than one construction it will be interpreted as to best secure the benefit intended; will best effect the legislative intent and so that it will be constitutional and valid. Newsom v. State, 372 SW 2d 681 (Tex. Crim. 1963). Once the legislative intent is ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed. Wood v. State, 133 Tex. 110, 126 SW 2d 4 (1939), 121 ALR 931.

If Article 666-32 1/2 (b), Vernon's Penal Code, were to be interpreted as compelling a deposit to be made with the county clerk with every application for a local option election, regardless of whether such a local option election has been held in the immediate prior one-year period, such an interpretation would defeat the exception underlined in paragraph (a) of the Act above, which places the expense of the local option election on the county if no such election had occurred in the prior one-year period. This construction would in effect change this statute into an "application fee" statute, and because of the failure to adequately describe it as such in the caption of the legislative act in which it was included, that construction would render it invalid, Art. III, Sec. 35, Constitution of Texas.

The more appropriate and proper construction of this statute is that the underlined portions of paragraph (a) of the statute, as set out above, clearly mean that if there has been no local option election in the preceeding one-year period, the expense of the election is that of the county and only if there has been such an election in the prior one-year period,

in that political subdivision, then the paragraph (b) requirement for a deposit becomes mandatory. The clause underlined in paragraph (b) above recognizes that there are applications which must be accompanied by a deposit and by implication recognizes that there are applications which do not require such deposits.

Based on the foregoing analysis, it is our opinion that the private individual calling for a local option election in a political subdivision that has not had such an election in the preceeding one-year period should not have been required to make a deposit with the county clerk and that such deposit should be refunded by the county clerk to the payor.

S U M M A R Y

A deposit made with the county clerk pursuant to Article 666-32 1/2 (b), Vernon's Penal Code, with an application for a "local option election" in a county which has not had such an election in the preceeding one-year period, should be refunded to the depositor.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Giddings
Assistant Attorney General

APPROVED
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jay Floyd
John Reeves
Rex White
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant